IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M-L HOLDINGS COMPANY CRANE                )
GROUP, LLC,                               )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. 1:26-cv-2350-LF-KRS
                                          )
AIG SPECIALITY INSURANCE COMPANY,         )
                                          )
        Defendant.                        )

## JURISDICTIONAL ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* upon its review of the Complaint (Doc. 1), filed by M-L Holdings Company Crane Group, LLC ("ML Holdings").

The Complaint alleges a single claim for breach of contract against Defendant AIG Specialty Insurance Company ("AIG") arising out of AIG's purported refusal to meet its coverage obligations under a pollution insurance policy issued to ML Holdings. The Complaint alleges the Court has subject matter jurisdiction based diversity of citizenship, 28 U.S.C. § 1332. *See* (Doc. 1 ¶ 6). But the Court is unable to assess the diversity requirement because the Complaint fails to allege facts from which the Court can determine the citizenship of ML Holdings, which is alleged to be a Colorado limited liability company with its principal place of business in Denver, Colorado. (Doc. 1 ¶ 3). While a corporation is considered a citizen of both the state where it is incorporated and the state where its principal place of business is located (28 U.S.C. § 1332(c)(1)), the same rule does not apply to a limited liability company, which is instead deemed to be a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Moreover, if a limited liability is itself "composed of multiple layers of constituent entities, the citizenship determination requires an

exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018). Thus, to adequately allege the citizenship of ML Holdings, the Complaint must identify ML Holdings' members and provide the relevant facts demonstrating the state or states of each member's citizenship. *See Cheek v. Wolfgang Puck Worldwide, Inc.,* No. 17-CV-01201-PAB, 2017 WL 2274551, at *2 (D. Colo. May 25, 2017) (finding diversity allegations insufficient where "Ritz–Carlton has not identified its members or the citizenship of those members").[1]

**IT IS THEREFORE ORDERED** that, no later than **August 5, 2026,** ML Holdings shall show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction. ML Holdings can show cause by filing either (1) an Amended Complaint alleging facts sufficient for the Court to determine ML Holdings' citizenship; or (2) a Corporate Disclosure Statement that complies with Fed. R. Civ. P. 7.1(a)(2).

---

[1] *See also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (jurisdictional allegations held insufficient where the plaintiff alleged that "[e]ach member, each defendant, and each limited partner of the limited partner defendant are citizens of the Tennessee and Delaware," but "[t]he factual allegations underlying this conclusory assertion" were omitted); *Clinton Hampton, LLC v. ProCentury Ins. Co.*, No. CIV-23-331-F, 2023 WL 3026718, at *1 (W.D. Okla. Apr. 20, 2023) ("Although the notice of removal alleges that plaintiff is a citizen of Oklahoma, it fails to identify each of the members of the limited liability company, and it fails to identify the state of citizenship for each of the members. The notice of removal must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members.") (internal citation omitted); *MPG Endeavors LLC v. Tygris Med. LLC*, No. 21-CV-02581-PAB, 2021 WL 5447028, at *1 (D. Colo. Nov. 22, 2021) (allegations held insufficient where, among other things, "petitioner has not identified respondent's members"); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, ... the identity and citizenship of their members" in order to invoke diversity jurisdiction).

2

IT IS SO ORDERED this 22nd day of July, 2026.

_____

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE